Samuel C. Coleman, J.
Let it be assumed that the petitioner, who was not a party to the proceedings before me in 1961, and who became a lessee of an apartment in the building in 1963, *823 has locus standi to question the court’s power to enter the order of April 10,1961 fixing emergency rent for business space; and let it be assumed that the passage of time is not a barrier to hearing her. Her claim is twofold: (1) In the absence of an order of decontrol of her apartment or of the entire building by the State Rent Administrator under section 13 of the State Rent and Eviction Regulations, the court could not proceed to fix rents under subdivisions (a) and (c) of section 2 of the Emergency Business Space Rent 'Control Law; (2) that statute (Emergency Business Space Rent Control Law [L. 1945, ch. 314, as amd.]) having expired December 31, 1963 (L. 1963, ch. 674), the ' ‘ exemption ’ ’ of the building, originally essentially an apartment house, from the operation of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.), comes to an end. As to the first, the requisite number of certificates of exemption — 13 —each for a separate apartment in the building— had been issued by the Housing Rent Commission and were presented to me on the hearing. The 60% requirement was satisfied; there was no need for any certificate covering the very apartment the petitioner occupies, or for one relating to the building as a unit (Matter of Sipal Realty Corp. [Dankers], 8 A D 2d 355, mod. 8 N Y 2d 319). As to the second, whatever the merits of the argument that a building, once an apartment house, converted to a business building, reverts to its status as a dwelling house upon the removal of restrictions upon business rentals, that question could not be before me in 1961 and cannot be before me now. If the argument is valid, it is not for the court to determine in the first instance whether a tenant is being overcharged. The motion is denied.
(On reargument.)
I think the petitioner misunderstands the pattern that was established to decontrol an apartment house and to create it as “ business space”. As to individual apartments, the Rent Administrator alone decided whether they are decontrolled; and he issued a separate certificate for each apartment. That was done here with respect to 13 out of 20 (or 21) apartments. At that point the landlord could apply to the court, not to the Rent Administrator, for an order decontrolling the. remaining apartments and so the entire building. The Administrator had no further jurisdiction in the matter. It was for the court to decide whether 60% of the rentable area and 60% of the total number of units formerly used as dwelling space were lawfully occupied as business space. The certificates of the Administrator help determine the second factor — the court counts the apartments *824 and the number of certificates and determines the proportion; and the court determines whether the area lawfully occupied as business space is of the required percentage. That was done here and the order issued with respect to all the tenants involved, including the tenant of the apartment now occupied by the petitioner. The fact that a certificate decontrolling a given apartment is valid only “ so long as the tenant named herein occupied the housing accommodation” has no bearing upon the application that was before me in 1961; the power of the court supervened to render that certificate thereafter ineffectual.
I repeat that I cannot now decide whether the petitioner is entitled to relief in other proceedings. On the effect of the repeal of the statute under which the landlord proceeded in 1961, see 850 Co. v. Schwartz (21 A D 2d 441 [1st. Dept.]). The motion for reargument is denied.